Julian R. Hanley, J.
Relator was convicted April 9, 1963, of the crime of sodomy second degree, committed on January 11, 1963. He now challenges his conviction, claiming that the then section 690 of the Penal Law was unconstitutional. There appears to be no prior New York ruling on this subject, although the statute is an ancient one.
The section reads in part: “ A person twenty-one years of age or over who carnally knows by the anus or by or with the mouth any male or female person under the age of eighteen years, or voluntarily submits to such carnal knowledge by or with a male or female person under the age of eighteen years, under circumstances not amounting to sodomy in the first degree is guilty of sodomy in the second degree. ’ ’
The relator argues that the statute is unconstitutionally vague because it does not clearly advise him of what his crime is. He claims that the statute does not tell him what ‘ ‘ carnal knowledge ” is or how one has “ carnal knowledge ” by the anus or mouth.
He further quotes section 483-b of the Penal Law that involves abusing the body of a child of 10 to 16 years as being further unconstitutionally confusing.
He cites People v. Randall (9 NY 2d 413) and People v. Maggio (12 N Y 2d 789, revg. 16 A D 2d 820) as further evidence of this vagueness.
Taking these contentions in reverse order, these cited cases have no real application here. They were court decisions arising during the period of 1950 to 1960 when the language involving the pathic was eliminated from the statute. The confusion which surrounded this statutory omission was cured by adding language to the statute making the pathic equally guilty. Relator’s crime was in 1963, after this statutory situation had been cleared up by the amendment.
Next, there is no conflict between section 690 and section 483-b of the Penal Law. The acts in the latter are clearly distinguishable from the sodomy of section 690. Section 483-b speaks of the misdemeanor of ‘ ‘ [carnal] abuse of the body ” or “ indecent or immoral practice with the sexual parts or organs ” of a child. Also, in the present case there was no evidence produced to indicate in any way that defendant’s crime involved a child of this age or acts other than sodomous intercourse.
Lastly, we come to the claim that the language of ‘ ‘ carnally knows by the anus or * * * mouth ” (Penal Law, § 690) is so vague as to be unconstitutional.
The standard of definiteness that a statute must meet if it is to comport with the requirement of due process, is not one which *832 it is impossible to meet. (Matter of Kingsley Int. Pictures Corp. v. Regents of Univ. of State of New York, 4 N Y 2d 349, revd. on other grounds 360 U. S. 684.) “ ‘ The Constitution does not
require impossible standards ’; all that is required is that the language 1 conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. ’ ” (Roth v. United States, 354 U. S. 476, 491).
We begin with the proposition that any statute is presumed to be constitutional. (Gitlow v. New York, 268 U. S. 652; Farrington v. Pinckney, 1 N Y 2d 74.) “ Initially, it must be observed that a strong presumption of validity attaches to statutes and that the burden of proving invalidity is upon those who challenge their constitutionality to establish this beyond a reasonable doubt ” (Fenster v. Leary, 20 N Y 2d 309, 314).
While it is true that morality begins at home, it is equally true that morality must ever be sustained by the courts. Anything less and society suffers.
Sodomy is one of man’s ancient sins. There is nothing new or mysterious about the term, the act, or its putrefying effect on society and family life.
For example, history tells the Bible story of how the male angels came to Lot to warn him of impending disaster to the area where he lived. The men of Sodom surrounded Lot’s house saying, “ Where are the men which came in to thee this night? Bring them out unto us, that we may know them.”
Lot offered instead his two virgin daughters to let the men do with as they wished, only to have the crowd refuse and continue to demand the men. Only the power of the Lord, so the story goes, stayed the mob’s hand. God then destroyed Sodom and Gomorrah so utterly that their ruins have never been found to this day. (Genesis, 19.)
So originated our English word, sodomy, from the name of the city Sodom itself, now destroyed.
Relator would have you believe that there is something vague about the statute because it contains the phrase ‘1 carnally knows ’ ’ another by the anus or mouth. As we have seen, using the word “knows ” to denote sexual intercourse, is as old as Genesis itself. While the language, by today’s “modern” standards, may be a bit Victorian, it is nonetheless understood.
If one of today’s sophisticated audiences should be watching a theatre reincarnation of one of our early melodramas, and the villi an in cape and top hat should leeringly twirl his mustache and in an aside to the audience say he wanted to ‘1 carnally know *833 Little Nell ’ ’, the concerted boos from the audience would show that they unhesitatingly understood his dishonorable intentions.
“Carnally know ” may be old fashioned phraseology of a gentler age, but who is to say that a bit of reticence of expression is not a good thing! Old fashioned, yes, but not confusing.
Statutory terms that have long been recognized in life shall always be considered definite. (Bellows v. Merchants Desp. Transp. Co., 257 App. Div. 15, aifd. 283 N. Y. 581.) “ Much will depend on the distinction whether the standard is an old one, long recognized in law and life (International Harvester Co. v. Kentucky, 234 U. S. 219, 223), or one novel and unfamiliar, not yet approaching certainty, at least in a measurable degree, through habitude and example. ’ ’ '(People v. Mancuso, 255 N. Y. 463, 470). “ Carnal knowledge ” means sexual intercourse. (75 C. J. S., Rape, p. 471.)
The constitutional test of certainty is met by legislation which reasonably informs of what must be done and what must be avoided. (People v. Greenwald, 299 N. Y. 271; People v. Mancuso, supra; Gorin v. United States, 312 U. S. 19, 26; People v. Blodgett, 37 A D 2d 1035.)
In this light of section 690, it must be said constitutional it is — confusing it is not.
Petition denied.