Bernard Tomson, J.
This is a ‘ ‘ massage parlor ’ ’ case where the female employees of the defendants were alleged for a fee to have manipulated the private parts of male customers to climax. The defendants urge that the acts do not violate the prostitution article of the Penal Law (Penal Law, art. 230) and that the prostitution article itself is unconstitutionally vague.
Defendants were indicted for three counts of promoting prostitution in the second degree (Penal Law, § 230.25). The first count of the indictment charged the defendants with violation of subdivision 1 of section 230.25 of the Penal Law which states: “A person is guilty of promoting prostitution in the second degree when he knowingly: 1. Advances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes ”.
The second and third counts of the indictment charged the defendants with violating subdivision 2 of section 230.25 of the Penal Law which states: “A person is guilty of promoting prostitution in the second degree when he knowingly: * * * 2. Advances or profits from prostitution of a person less than nineteen years old.”
At the end of the nonjury trial, defendant Ronald Stewart was found guilty on all three counts of the indictment, and defendant Jerome Block was found guilty on the second and third counts.
Defendants raised two issues during the trial that merit further elaboration. The first relates to the constitutionality of section 230.00 et seq. of the Penal Law and the second requires a determination as to the quantum of corroboration required for conviction for promoting prostitution.
*715 Section 230.00 of the Penal Law states: “ A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.” (emphasis supplied).
Defendants maintain that this definition section is unconstitutional and thereby attack the entire prostitution article. In particular, the defendants urge the term “ sexual conduct” is impermissibly vague.
In attacking the constitutionality of the statute, the person making such challenge must first overcome the presumption of constitutionality. (Nettleton Co. v. Diamond, 27 N Y 2d 182; People v. Pagnotta, 25 N Y 2d 333; Fenster v. Leary, 20 N Y 2d 309; People v. Byron, 17 N Y 2d 64; Matter of Van Berkel v. Power, 16 N Y 2d 37; Knapp v. Fasbender, 1 N Y 2d 212; Farrington v. Pinckney, N 2d 74; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.) Additionally, a court of first impression should not set aside a statute as unconstitutional unless that conclusion is inescapable. (Bohling v. Corsi, 204 Misc. 778, affd. 306 N. Y. 815; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.)
11 Sexual conduct ” is not further defined in article 230 of the Penal Law; it is, however, defined in other articles of the Penal Law. Subdivision 3 of section 235.20 of the Penal Law defines “ sexual conduct” as “ acts of masturbation, homosexuality, sexual intercourse or physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks or, if such person be a female, breast.” (see, also, Penal Law, § 245.10, subd. 2, defining “ sexual conduct ” in similar language).
In 1965 when section 484-h of the Penal Law was amended “ sexual conduct ” was also defined as: “ acts of masturbation, homosexuality, sexual intercourse, or physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks or, if such person be a female, breast. ” In that same year, 1965, the present Penal Law was enacted. Although the present article 230 of the Penal Law does not define “ sexual conduct ” (nor does Penal Law, art. 130) its meaning may be ascertained from reading the definition given in section 484-h of the former Penal Law and elsewhere in the Penal Law.
Under the present Penal Law, “ sexual conduct ” is defined exactly the same way as it was defined in section 484-h of the former Penal Law. (See Penal Law, § 235.20 added by L. 1967, ch. 791 and Penal Law, § 245.10 added by L. 1971, ch. 962, defining “ sexual conduct ”.)
Dictionary definitions do not conflict with the conclusion reached. Webster’s New International Dictionary of the English *716 Language (2d ed., Unabridged [1947], p. 2297) defines “ sexual ” as “ pertaining to the use or abuse of sex functions, appetites, etc.; as, sexual morality”. The Oxford Universal Dictionary (3d ed., Revised with Addenda [1955], p. 1859) defines ‘ ‘ sexual ’ ’, as “3. Relative to the physical intercourse between the sexes or the gratification of sexual appetites, as s. morality, excess, etc. 1878.” (emphasis supplied). “ Conduct ” is defined in subdivision 4 of section 15.00 of the Penal Law and made applicable to the entire Penal Law, as “an ant or omission and its accompanying mental state.” Oxford’s Universal Dictionary (supra, p. 365) defines “ conduct ” as “4. Manner of conducting oneself or .one’s life; behavior. (Now the leading sense). 1673.”
“ Fee ” is not defined anywhere in either the Penal Law or the CPL. However, based on section 5.00 of the Penal Law and section 94 of McKinney’s Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 94), this word must be given its obvious and natural meaning.
Webster’s New International Dictionary of the English Language (2d ed., Unabridged [1947], p. 928) defines “fee” as: “ Compensation, often a fixed charge, for professional service or for special and requested exercise of talent or of shill, as by an artist; as a fee for consultation; a retaining fee.” (emphasis supplied).
Corpus Juris Secundum devotes three pages to various definitions of the word “ fee ”. It is variously defined as: “ compensation to professional men, a remuneration for .services rendered in the line of their professions ”; “ recompense for official or professional services”; and “ reward, compensation or wage given to one for the performance of professional services.” (36A C. J. S., Fee, pp./248-249; emphasis .supplied).
The fair import of the word “ fee ” then is payment in return for professional services rendered. It is not intended facetiously to point out here that prostitution has long been euphemistically known as “ the oldest profession ”, “ Fee ” in section 230.00 of the Penal Law can fairly be said to connote professionalism. It restricts the purview of the statute. For example, it wcrnld eliminate the situation (suggested by the defendants) of a wife who withholds the performance of her conjugal duties unless her husband gives her a mink coat. It further defines and limits the type of behavior the Legislature intended as criminal.
Section 235.20 of the Penal Law states that the definition of “ sexual conduct ” applies to sections 235.21 and 235.22 of the *717 Penal Law. However, there is no proscription in section 235.20 of the Penal Law to applying that definition to other sections of the Penal Law. (The same is also true of Penal Law, § 245.10.)
‘ ‘ Where the same word or group of words is used in different parts of the same statute there is a presumption that the Legislature intended to convey the same conception each time; and in the absence of anything indicating a contrary intention the same meaning will be attached to the similar expression.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 236; People v. Gates, 56 N. Y. 387; Howell v. Mills, 53 N. Y. 322). This is true even if the statute is composed of many sections: “ whenever a word is used in a statute in one sense and with one meaning, and subsequently the same word is used in a statute on the same subject matter, it is understood as having been used in the same sense, unless there is something in the context or nature of things to indicate that a different meaning was intended.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 236).
There is nothing in article 230 of the Penal Law to indicate that a different meaning for “ sexual conduct ” was intended.
It seems clear that the definitions found in articles 235 and 245 of the Penal Law are also applicable to article 230 of the Penal Law. (Note that the term “sexual conduct” without further definition is found also in article 130 of the Penal Law [see Penal Law, § 130.00, subd. 2 and Penal Law, § 130.00, subd. 3].)
Section 5.00 of the Penal Law provides that the provisions of the statute are to: “be construed according to the fair import of their terms to promote justice and effect the objects of the law.” Statutory language should be interpreted according to its natural and obvious meaning. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 236.) The United States Supreme Court has stated: “ ‘ [T]he Constitution does not require impossible standards ’; all that is required is that the language ‘ conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. ’ ” (Roth v. United States, 354 U. S. 476, 491).
Subdivision 2 of section 130.00 of the Penal Law which defines “ deviate sexual intercourse ” as “ sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva.” (emphasis supplied). This definition indicates that the Legislature was using ‘ ‘ sexual conduct ’ ’ in its ordinary sense but limiting its scope for “deviate sexual intercouse”. *718 (Cf. People v. Blodgett, 37 A D 2d 1035 where the court rejected the argument that the term “intimate parts ” [Penal Law, § 130.00, subd. 3]) is unconstitutionally vague; People ex rel. Farr v. Mancusi, 70 Misc 2d 830; where the term “carnally knows ” found in section 690 of the former Penal Law was held not unconstitutionally vague.)
Finally, defendants have conjured up hypothetical examples to show that the statute is unconstitutional. The only conclusion thus reached is not that the statute is unconstitutional but rather that lawyers are ingenious. (Cf. United States v. Lewin, 467 F. 2d 1132, employer giving employee time off to register to vote does not violate Voting Fraud Act.) It is clear that the statute is constitutional.
The defendants urge that the type of corroboration required for conviction for promoting prostitution is similar to that required under section 130.15 of the Penal Law prior to its amendment in 1972.
Section 230.35 of the Penal Law states: “ A person shall not be convicted of promoting prostitution or of an attempt to commit the same solely on the uncorroborated testimony of a person whose prostitution activity he is alleged to have advanced or attempted to advance, or from whose prostitution activity he is alleged to have profited or attempted to profit.”
There may be said to be two types of corroboration. The first (hereafter called the “weaker rule ”) requires corroboration of some elements of the crime, while the second (hereafter called the “ stronger rule ”) requires corroboration of each and every material element of the crime.
Prior to its amendment in 1972, section 130.15 of the Penal Law provided: “ A person shall not be convicted of any offense defined in this article * * * solely on the uncorroborated testimony of the alleged victim ’ ’.
This section (Penal Law, former § 130.15) was interpreted to mean that every material element of the crime had to be corroborated. (The stronger rule; People v. Thompson, 30 N Y 2d 971; People v. Radunovic, 21 N Y 2d 186; People v. Bercume, 38 A D 2d 356; People v. Duegaw, 34 A D 2d 1043; People v. Dow, 34 A D 2d 224, affd. 28 N Y 2d 860; People v. Elston, 186 App. Div. 224; Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, former § 130.15.)
.Since the language of section 130.15 of the Penal Law prior to its amendment in 1972 used the same language as section 230.35 of the Penal Law (“ solely on the uncorroborated testi *719 mony”) they should both be identically interpreted. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 236.) It would follow that section 230.15 of the Penal Law requires corroboration of every material element (the stronger rule). Examination of relevant eases under the former prostitution statute (Penal Law, § 2460, subd. 9) leads to the same conclusion. (People v. Jelke, 1 N Y 2d 321; People v. Plath, 100 N. Y. 590; People v. Draper, 169 App. Div. 479; People v. Loocerello, 34 Misc 2d 1087, revd. on other grounds 18 A D 2d 1125.)
In applying the stronger rule of corroboration to the present case, the court finds defendant Stewart guilty under all three counts of the indictment, and defendant Block guilty under the second and third counts. The testimony at the trial clearly demonstrated that defendant Stewart is guilty beyond a reasonable doubt under the first count of the indictment. A review of the evidence presented is neither warranted nor necessary. However, the court feels obligated to comment on its finding defendants Block and Stewart guilty under the second and third counts which charge both defendants with promoting prostitution, second degree, by advancing and profiting from the prostitution of a person less than 19 years old, to wit Sandra Ladmer (second count) and Donna Wells (third count).
The cnly oral testimony presented at the trial with respect to the age of Sandra Ladmer and Donna Wells was given by them. Since section 230.35 of the Penal Law requires corroboration of every material element of the crime, this testimony would not be sufficient if they were accomplices. However, if they were so considered (but see People v. Jelke, supra) this court finds the necessary corroboration as to age in People’s Exhibits 13-A&B (their applications for employment found among the defendants’ business records).
Based on the foregoing, the court finds the defendant Stewart guilty on all three counts of the indictment and the defendant Block not guilty on the first count but guilty under the second and third counts of the indictment.