Irving Lang, J.
The defendant stands convicted, after a jury trial, of the crime of promoting prostitution in the second degree. After verdict, the defendant moved for a dismissal on the ground that the statute defining prostitution (Penal Law, § 230.00) is unconstitutionally vague and overbroad and that in this enlightened century "recreational sex” is a basic right immune from penal sanctions.
Section 230.00 of the Penal Law defines prostitution as follows: "A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.”
The defendant correctly notes that the terms "sexual conduct” and "fee” are not further defined in article 230. Accordingly, it is argued that the terms, particularly "sexual conduct,” are so vague that they fail to apprise a reasonable man of the proscribed activity. On the other hand, it is claimed that if the terms are given their literal and broadest meaning, then the statute attempts to regulate conduct which is beyond the scope of the State police power.
Failure to define terms does not render a statute unconstitutional when the terms have a commonly understood meaning (Matter of Gold v Lomenzo, 29 NY2d 468). The only reported case construing the terms "sexual conduct” and "fee” as regards the prostitution statute is People v Block (71 Misc 2d 714). In the Block case the court defined "sexual conduct” by engrafting the définition of that term contained in section 235.20 of the Penal Law. The definition in section 235.20 is expressly restricted in its application to sections 235.21 and 235.22 of the Penal Law, which deal with the dissemination of indecent materials to minors. Since this restriction prevents its application to other sections in article 235, it clearly cannot be engrafted to the prostitution article. Moreover, the definition of sexual conduct in section 235.20 includes contact with the clothed genital areas, clothed buttocks and clothed female breasts, types of activity not normally included within the concept of prostitution.
*433 A far more limited, and logical definition can be obtained by following the dictates of section 5.00 of the Penal Law and construing the statute "according to the fair import of [its] terms to promote justice and effect the objects of the law.” The term "prostitution” itself has a commonly understood meaning, and the use of the term "fee” in the statutory definition is the key to that meaning. The Legislature has enacted the section to prohibit commercial exploitation of sexual gratification. The methods of obtaining that gratification are as broad and varied as the term "sexual conduct,” but the common understanding of the term "prostitution” involves the areas of sexual intercourse, deviate sexual intercourse, and masturbation. The many nonphysical facets of sexual conduct are defined and regulated by other statutes (e.g., obscenity and exposure of a female).
Interpreting the statute in this fashion, the defendant’s claim that the statue is overly broad must also fail. The State clearly has a legitimate interest in regulating the commercialization of sex within the guidelines set down by the United States Supreme Court (cf. Stanley v Georgia, 394 US 557).
The court is aware that, even under the restricted definition of sexual conduct adopted in this decision, marginal cases may arise where the criminality of the conduct is not clear. That fact, however, is not sufficient to render the statute unconstitutional (Roth v United States, 354 US 476; People v Pagnotta, 25 NY2d 333). To avoid confusion and possible future attack on the statute, the Legislature might well define "sexual conduct” to include those sexual acts aside from sexual intercourse, deviate sexual intercourse and masturbation which it deems should come within the ambit of acts of prostitution. The acts of prostitution which were established at this trial, sexual intercourse and fellatio, clearly bring this defendant within the purview of the statute.
The second branch of defendant’s motion is addressed to policy considerations. To synopsize the defendant’s lengthy arguments, he asserts:
(1) There is a physiological basis for human arousal;
(2) Sexual impulses are psychologically significant;
(3) There has been a "sexual revolution” in the past few decades wherein sex for pleasure, "recreational sex,” previously condemned, is replacing "procreational sex,” a relic of the 18th and 19th century Protestant ethic;
*434 (4) The Protestant ethic is responsible for repressive sexual legislation;
(5) Nonmarried individuals have a right to pursue sex drives even if they have to pay for it;
(6) You cannot legislate morality;
(7) "As a result of social change the former taboos will gradually disappear to the extent that they have not done so already, and the laws which traditionally lag behind social developments and needs will eventually be brought into line as the older legislators and judges, those raised in repressive sexual adaptations are replaced by younger men whose sexual adaptation has been formulated under the more recent social mores of American society.”
The oft-repeated statement that morality cannot be legislated is fallacious; other than traffic regulations virtually all penal law is legislation of morality. Society may not be able to enforce morality, but it clearly can legislate it.
The other points made by the defendant have varying degrees of validity, but there is a manifestly sufficient nexus between prostitution statutes and legitimate legislative concerns of public health, safety, commerce and morality to preclude a court’s interference with such enactments.
It may very well be that as newer legislators replace those "raised under repressive sexual adaptations” former taboos will gradually disappear, but until those halcyon days arrive this court is constrained to follow the current law and deny defendant’s motion in all respects.