OPINION OF THE COURT
Jeffrey Atlas, J.
Defendant was charged, by information, with prostitution (Penal Law, §230.00). The defendant now moves (under CPL 170.35) to dismiss the information as defective claiming that the allegations contained in the accusatory instrument do not make out the crime of prostitution.
The accusatory instrument states: “Deponent, Police Officer Steven D’Antonio, Shield #14420, states that at the above time and place the defendant did approach and engage the deponent in conversation and did agree to commit an unlawful sexual act with the deponent for a fee, to wit: to be naked, to manipulate her genitals and to allow the deponent to orgasim [sic].”
Section 230.00 of the Penal Law states: “A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.”
The defendant argues that the information is defective because the acts which the defendant agreed to perform would not, if performed by her, constitute “sexual conduct with another” as that phrase is used in section 230.00 of the Penal Law.
*41 Since defendant’s argument assumes that the proposed acts of the defendant would constitute “sexual conduct” if performed by her, the issue before me is solely whether, in this case, the proposed sexual conduct of the defendant was to be performed “with another” as that phrase is used in section 230.00 of the Penal Law.
Article 230 of the Penal Law does not define the phrase “with another” (nor, for that matter, the phrase “sexual conduct”). However, an appropriate definition can be obtained by construing the section (Penal Law, §230.00) “according to the fair import of [its] terms to promote justice and effect the objects of the law.” (Penal Law, §5.00.)
It is clear that the Legislature did not intend section 230.00 of the Penal Law to proscribe commercial agreements to engage in any and all kinds of sexual conduct.[1] Certainly, had the Legislature intended to proscribe the sale of all sexual conduct it could well have done so by excluding from section 230.00 the phrase “with another person”. The inclusion of that phrase in section 230.00 connotes, at least, that the accused’s agreement must, to be criminal, contemplate physical contact between the accused and one other person. Were section 230.00 intended to proscribe agreements by which only the accused “prostitute” was to engage in sexual conduct, while for example, the beneficiary was to act only as voyeur — that is, agreements to engage in sexual conduct for another person and without physical contact between them — it would have been necessary for the Legislature simply to proscribe all agreements to engage in sexual conduct for a fee.
More significantly, were the phrase “sexual conduct with another person” to be interpreted as proscribing agreements calling for sexual conduct to be performed for another person, as well as with another person, section 230.00 of the Penal Law would surely intrude upon areas of behavior traditionally protected by the First Amendment to the United States Constitution.
The defendant is accused of having agreed only to perform an autoerotic exhibition for another. However, auto- *42 erotic exhibitions, performed for a fee before an audience (albeit an audience of one), may certainly be “performances” as that term has been traditionally defined and as it is specifically defined in section 235.00 of the Penal Law.[2]
It is clear that section 230.00 of the Penal Law may not be construed to prohibit such exhibitions or performances when obscene in character, since obscene performances are clearly proscribed by section 235.00 of the Penal Law. To read the two sections as covering the exact same activity would, in this particular respect render meaningless section 230.00. Moreover, to do so would render nugatory the carefully drafted and stingent tests of obscenity contained in sections 235.00 and 263.00.[3] It is also clear that section 230.00 may not be construed to prohibit performances not obscene in character. Were it so read, the section would prohibit the production of plays, movies, and materials traditionally protected from Government interference by the First Amendment.[4] Therefore, observing the mandate to interpret this statute so as to avoid constitutional infirmities,[5] I conclude that the phrase “with another person” as used in section 230.00 of the Penal Law may not be construed as including agreements which call only for the performance of autoerotic acts. That is to say, for the agreement to come within the purview of section 230.00, it must contemplate physical contact between the accused and another person.[6] The agreement alleged as unlawful in this case contemplated only an autoerotic performance by the defendant for another person. It is therefore not proscribed by section 230.00 of the Penal Law and the information is dismissed.

. See People v Costello, 90 Misc 2d 431.

. Webster’s Dictionary defines “performance” as an exhibition of skill or talent and as a show (Webster’s New Twentieth Century Dictionary [2d ed, 1977]); subdivision 3 of section 235 of the Penal Law defines a “performance” as any play, motion picture, dance or other exhibition performed before an audience.

. Article 235 of the Penal Law carefully defines the word “obscene” to conform to the constitutional requirements expressed in Miller v California (413 US 15). (See Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 235.00, p 196.) The Legislature may not circumvent those requirements by simply prohibiting the same conduct under a new label.

. See People v Ferber, 52 NY2d 674, 678-679.

. See Matter of Lorie C., 49 NY2d 161, 171.

. See People v Costello, 90 Misc 2d 431, supra.