**Commonwealth v. Hahn**

*John W. Thompson Jr., assistant district attorney,* for the commonwealth.

*Harold N. Fitzkee Jr.,* for defendant.

## OPINION

MILLER, *J.,* October 16, 1986—This matter is before the court on the petition of Nancy K. Bupp, defendant in the criminal action above captioned, for a writ of habeas corpus testing the validity of the criminal charge pending against her. We will dismiss her petition.

As a part of an investigation of the Executive Health Spa in the Borough of North York, York County, Pa., the Northern Regional Police Department sent an undercover agent into the establishment. As a result of that visit, petitioner/defendant Nancy K. Bupp was charged with the violation of section 5902 of the Crimes Code, relating to the offense of prostitution. The testimony at the preliminary hearing established that the undercover agent entered the establishment on April 7, 1986. From a group of women the undercover agent picked defendant who agreed to give him, for the sum of $45, a "complete massage," performed by defendant while she was topless or half nude. She stated to the undercover agent that a complete massage included a "hand release," which meant that she would perform an act of masturbation upon him. The undercover agent removed his clothing and defendant removed her clothing above the waist. Defendant

472

then gave the undercover agent a body massage and performed an act of masturbation upon him.

The specific question presented by this case is whether the masturbation of a naked man by a semi-nude woman constitutes "sexual activity as a business" within the proscription against prostitution contained in section 5902(a)(1) of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.S. §5902.

Section 5902(a) of the Crimes Code provides in pertinent part:

"A person is guilty of prostitution, a misdemeanor of the third degree, if he or she; (1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business."

Subsection (f) of section 5902 states that "sexual activity" shall include "homosexual and other deviate sexual relations."

Defendant contends that this latter phrase was intended to be one of limitation, inserted to evidence a legislative intent to exclude other forms of sexual activity. We cannot accept that limitation.

We note that the definitions in subsection (f) of section 5902 are inclusionary rather than exclusionary, and do not emcompass all of the possible types of sexual activity that the human mind can devise. The most common type, heterosexual intercourse, is not included. If we were to accept petitioner's suggested interpretation, then it would follow that heterosexual intercourse would also be excluded, because it is not specifically included. Since we believe that such a result would be unwarranted, we are satisfied that the absence of a specific reference to masturbation does not mean that it was intended to be excluded from the statutory proscription against "sexual activity as a business."

The Statutory Construction Act of November 25, 1970, P.L. 707, 1 Pa.C.S. §1903, directs that words

be interpreted according to their common usage. See *Commonwealth v. Skufca,* 457 Pa. 124, 321 A.2d 889 (1974); *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972); *Treaster v. Union Township,* 430 Pa. 223, 242 A.2d 252 (1968). Similarly, the Crimes Code provides in section 105, 18 C.S.A. § 105, for a rule of construction "according to the fair import" of the terms used. When the term "sexual activity" is interpreted according to fair import, there can be no doubt that it includes the masturbation of a naked man by a nude or semi-nude woman.

The same result was reached by the New York courts in *People v. Costello,* 90 Misc. 2d 431, 395 N.Y.S. 2d 139 (1977), where the court had before it the New York prostitution statute. Its provisions prohibited engaging in "sexual conduct with another person in return for a fee." The term "sexual conduct," was not further defined by statute, much in the same manner as the statute before this court contains no specific definition of that term. Nevertheless, the New York court upheld the statute in the face of a claim of vagueness stating in part:

"The legislature has enacted this section to prohibit commercial exploitation of sexual gratification. The methods of obtaining that gratification are as broad and varied as the term "sexual conduct" but the common understanding of the term "prostitution" involves the areas of sexual intercourse, deviate sexual intercourse, and masturbation."

Other trial courts in this commonwealth have recently been faced with similar fact situations. The Honorable Judge Donald J. Wieand, then a judge of the Court of Common Pleas of Lehigh County, in *Commonwealth v. Israeloff,* 5 D. & C. 3d 5 (1978), in a clear analysis, reached the same conclusion as reached by this court. Other courts interpreting the

statute involved here, have reached similar conclusions. *Commonwealth v. Lundberg,* 37 D. & C. 3d 4 (1985), which involved masturbation for a fee; *Commonwealth v. Morrell,* 44 Beaver Leg. J. 185 (1986), which involved sado-masochism. In each of the foregoing cases, the specific type of activity was held to be "sexual activity" within the prohibition of section 105 of the Crimes Code.

We are aware of a prior decision of this court in the case of *Commonwealth v. Dougan,* 35 M.A. 1977 (York County) wherein the result was contrary to the one we now reach. We believe, however, that the intervening nine-year period has given us sufficient experience and insight into the legal principles involved to warrant a conclusion different from that reached by the *Dougan* court.

We are satisfied, for the reasons set forth above, that the alleged conduct of the petitioner herein is of the type proscribed by section 5902(a)(1) of the Crimes Code and that the criminal charges pending against her have a proper foundation upon the terms of that act. Accordingly, we enter the following order.

And now, to wit, this October 16, 1986, defendant's petition for habeas corpus is refused.