*532 OPINION OF THE COURT
Michael R. Sonberg, J.
Defendants Hinzmann and Thompson are charged with acting in concert to commit the crime of prostitution (Penal Law § 230.00). Defendant Jackson was originally charged with promoting prostitution in the third degree (Penal Law § 230.25 [1] ) and possession of a gambling device (Penal Law § 225.30 [2] ). The promoting prostitution charge was reduced to promoting prostitution in the fourth degree (Penal Law § 230.20).
The charges as to all three defendants arise from allegations of an undercover police officer that he entered premises located at 611 East 133rd Street in the County of Bronx and was approached by defendants Hinzmann and Thompson who offered and agreed to engage in sexual contact with him in exchange for money. Specifically, defendants are alleged to have agreed to allow the officer to touch the defendants’ naked breasts and buttocks and the defendants are alleged to have agreed to perform what is commonly known as “lap dancing”. This “lap dancing” consisted of sitting on and moving around on the officer’s lap. The basis for defendant Jackson’s charge of promoting prostitution is that he was observed by the undercover officer to be managing the subject premises and did in fact state that he was the manager and possessed keys to the premises.
All three defendants have moved for dismissal of the accusatory instruments on the basis of facial insufficiency (CPL 100.40, 170.30, 170.35). Defendants Hinzmann and Thompson have also moved to dismiss in the interests of justice pursuant to CPL 170.40. These motions have been consolidated for purposes of this decision.
To be facially sufficient, the factual part of an accusatory instrument must establish reasonable cause to believe the defendant committed the offense charged, and the nonhearsay allegations must establish, if true, every element of the offense charged (CPL 100.40 [1] [b], [cj). An accusatory instrument which fails to satisfy these two requirements is jurisdictionally defective and subject to dismissal pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). (People v Alejandro, 70 NY2d 133 [1987].)
Penal Law § 230.00 provides that, “[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.” The crucial issue to be determined here is what consti *533 tutes “sexual conduct” within the meaning of the statute so as to render certain actions prohibited prostitution.
Several cases have attempted to define the term “sexual conduct”. In People v Block (71 Misc 2d 714 [Nassau County Ct 1972]), relied upon by the People, the court looked to articles 235 and 245 of the Penal Law for definitions of sexual conduct and applied those definitions to article 230, notwithstanding that those definitions were specifically restricted to those particular articles. Consequently, the rationale in Block has not been followed. The court in People v Costello (90 Misc 2d 431 [Sup Ct, NY County 1977]) rejected the reasoning in Block and instead applied section 5.00 of the Penal Law, which states that the provisions of the Penal Law “must be construed according to the fair import of their terms to promote justice and effect the objects of the law”. This reasoning was adopted by the Court of Appeals in People v McNamara (78 NY2d 626 [1991]), wherein the Court declined to apply the definition of “public place” found in article 240 to an offense charged under article 245. The Court found that, because the term “ ‘public place’ * * * has no cut-and-dried meaning, it is necessary to interpret and apply the statute here in a manner that comports with its purpose”. (Supra, at 633.)
Article 230 was enacted to prohibit the commercial exploitation of sexual gratification. “The sexual conduct need not in fact be consummated; the offer or agreement to trade the sexual conduct with another person for a fee may be sufficient”. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 230, at 145 [1989].)
The Costello court found that the term “sexual conduct” as it relates to prostitution includes “sexual intercourse, deviate sexual intercourse and masturbation”. (People v Costello, supra, at 433.) This interpretation has been followed by other courts. (See, People v Tribble, NYLJ, Sept. 29, 1992, at 22, col 3 [Crim Ct, NY County];[1] People v Fink, NYLJ, May 22, 1992, at 23, col 4 [Crim Ct, NY County].) However, this court finds that, inasmuch as over 20 years have passed since the Costello case, a more expansive interpretation of the term “sexual conduct” is warranted.
*534 Cultural and sexual practices have changed greatly over the past 20 years, impelled by the advent of HIV and AIDS in the early 1980’s.[2] Some have been fueled by technology (e.g., online chat rooms, pornographic internet sites, pornographic cable television channels and the widespread availability of pornographic videotapes); others have been fueled by human ingenuity (e.g., telephone sex, a multiplicity of sexually oriented businesses and the widespread acceptance of erotic dance as mainstream entertainment). None of those practices, however, involve touching of naked body parts (conventionally clothed) for a fee. It is one thing to place a “tip” in the g-string of an erotic dancer; it is another to pay someone to sit on a lap and gyrate, while having their naked breasts and buttocks fondled. Statutory construction cannot remain static while entrepreneurial creativity brings forth heretofore unimagined sexual “diversions”.
The court finds that the factual allegations as to defendants Hinzmann and Thompson make out the crime of prostitution under Penal Law § 230.00. The acts of the defendants agreeing to sit on the officer’s lap and “move around” while the officer would touch their naked breasts and buttocks were suggestive of conduct done to satisfy a sexual desire. This was not merely nude dancing, which generally is protected as expressive conduct under the First Amendment. (See, Paris Adult Theatre I v Slaton, 413 US 49 [1973].) Other jurisdictions have found “lap dancing” to be obscene and not protected by the First Amendment. (See, State v McGraw, 19 Kan App 2d 1001, 879 P2d 1147 [1994]; State v Waller, 621 So 2d 499 [2d Dist Fla 1993]; State v Conforti, 688 So 2d 350 [4th Dist Fla 1997].) In addition, there are sufficient allegations the defendants agreed to perform these acts in exchange for money. That is the essence of prostitution. Accordingly, defendants’ motion to dismiss the charges of prostitution for facial insufficiency is denied.[3]
Defendants Hinzmann and Jackson also move for dismissal in the furtherance of justice pursuant to CPL 170.30 (1) (g) and 170.40. Upon review of the applicable criteria set forth in CPL *535 170.40 (1) (a) through (j), the court concludes that there exists no exceptional factor, consideration or circumstance which compellingly demonstrates that prosecution or conviction would result in an injustice. The fact that defendants have no prior criminal record does not warrant dismissal in the interests of justice. (People v Diggs, 125 AD2d 189 [1st Dept 1986], lv denied 69 NY2d 745 [1987]; People v Insignares, 109 AD2d 221 [1st Dept 1985], lv denied 65 NY2d 928 [1985].) Defendants’ contention that prostitution is a victimless crime among consenting adults and does not have an impact on the neighborhood is also rejected. Accordingly, defendants’ motion to dismiss in the interests of justice is denied.
Defendant Jackson’s motion to dismiss the charge of promoting prostitution in the fourth degree is also denied. A person is guilty of promoting prostitution in the fourth degree when he knowingly advances or profits from prostitution. The first element which must be found is that the activity which defendant is alleged to have promoted constitutes prostitution. Having determined that the acts of defendants Hinzmann and Thompson were prostitution, this element is satisfied as to promoting prostitution. The element of “advancing prostitution” is defined in Penal Law § 230.15 (1) as a person, acting other than as a prostitute or as a patron thereof, who “knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.” A person “profits from prostitution” when, “acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any other person whereby he participates or is to participate in the proceeds of prostitution activity.” (Penal Law § 230.15 [2].)
The court finds sufficient factual allegations to support the charge of promoting prostitution against defendant Jackson. Defendant was observed managing the premises where the activity is alleged to have occurred and admitted to the officer that he was the manager there and was in possession of keys to the premises. Having already determined that the activity which occurred here constituted prostitution and finding that it was not furtive activity, it is reasonable to believe defendant Jackson knew what was going on and advanced and profited *536 from the activity. (See, People v Tribble, supra; People v Hangan, NYLJ, Sept. 11, 1995, at 30, col 3 [Sup Ct, Bronx County]; People v Chu Mi, NYLJ, Nov. 19, 1991, at 26, col 6 [Crim Ct, NY County].)
Defendant Jackson also moves to suppress statements he made to police as being the product of an unlawful arrest. This aspect of the motion is granted to the extent that a pretrial Huntley hearing is hereby ordered. This hearing is granted with the People’s consent thereto.

. In People v Tribble (supra), the court, relying upon its construction of Costello (supra), held that the touching of breasts and buttocks was not prohibited by article 230, while the rubbing of an exposed penis against buttocks was prohibited. This court does not find that distinction persuasive. In both events, the intent was to provide sexual gratification for a fee, the very conduct which the Tribble court found was prohibited by article 230.

. The earliest reference to “lap dancing” in reported decisions is in 1989, discussing the constitutionality of a 1988 ordinance prohibiting the practice. (Movie & Video World v Board of County Commrs., 723 F Supp 695 [SD Fla 1989].)

. This decision does not reach the issue of whether ‘lap dancing”, in and of itself, is conduct within the proscription of article 230. It is the combination of ‘lap dancing” with the touching of naked breasts and buttocks which this court finds to be encompassed within the meaning of “sexual conduct”.