OPINION OF THE COURT
Neil E. Ross, J.
Defendant Allan Medina is charged in a misdemeanor information with prostitution, a class B misdemeanor (Penal Law § 230.00). He moves to dismiss the accusatory instrument on the ground that it is legally insufficient in that the factual part *618 does not contain nonhearsay allegations which establish, if true, every element of the offense.
In the factual part of the information, which was also sworn to by Undercover Officer Dux, Police Officer Timothy Kearns alleged that “Deponent is informed by Undercover Police Officer Tyrone Dux Sh #20442, that the defendant agreed to engage in sexual contact with the informant, which was sexual intercourse, for $100 U.S. Currency.” It is the defendant’s contention that it is factually and legally impossible for two males to agree to engage in sexual intercourse, maintaining that the commission of such an act requires the participation of a male and a female. Accordingly, he argues, there are no factual allegations establishing an element of the offense.
DISCUSSION
To be facially sufficient, the factual part of an information must satisfy two requirements. First, the allegations must provide reasonable cause to believe that, the defendant committed the offense. Second, nonhearsay allegations must establish, if true, each and every element of the offense charged (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987]). This motion challenges only the second requirement, the “prima facie case” requirement. The court must determine here if the information is defective because it failed to establish that the defendant, a male, agreed to engage in sexual conduct with the male undercover officer.
Penal Law § 230.00 provides that “[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.” Although “sexual conduct” is an element of this offense and all other prostitution-related offenses contained in Penal Law article 230, significantly, the term is not defined in the article.
In the absence of a definition of “sexual conduct”, to support his argument that it is impossible for a male to engage in “sexual intercourse” with another male, the defendant relies on definitions of the terms “sexual intercourse” and “deviate sexual intercourse” set forth in article 130 of the Penal Law which deals with sex offenses.[1] Under Penal Law § 130.00 (1), “sexual intercourse” has its “ordinary meaning”. Section 130.00 *619 (2) defines “deviate sexual intercourse” as sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva. Reading these definitions together, the defendant concludes that “sexual intercourse” implies heterosexual activity while “deviate sexual intercourse” applies to sexual conduct between persons of the same sex.
Grounded as it is in definitions borrowed from article 130, the defendant’s position on this motion disregards the language of section 130.00, the definitions section, which expressly states that the definitions “are applicable to this article”. This explicit limitation suggests that the definitions contained in section 130.00 are not applicable to article 230 which deals with prostitution offenses, not sex offenses (see, People v McNamara, 78 NY2d 626, 630 [1991]). Moreover, the distinction between “sexual intercourse” and “deviate sexual intercourse” in article 130 is consistent with the structure of that article which treats rape and sodomy as completely separate crimes. By contrast to article 130, article 230 uses one term, “sexual conduct”, which draws no distinction between gender or sexual orientation.
In the absence of an explicit definition of “sexual conduct”, the court must “interpret and apply the statute * * * in a manner that comports with its purpose.” (People v McNamara, supra, at 633; Penal Law § 5.00.)
The purpose of article 230 is to prohibit the commercial exploitation of sexual gratification (People v Costello, 90 Misc 2d 431, 433 [Sup Ct, NY County 1977]) or public solicitation of a sex act for a fee (Matter of Dora P., 68 AD2d 719, 731 [1st Dept 1979]). As these gender-neutral descriptions indicate, article 230 represents a legislative decision to regulate the commercialization of sex, whether heterosexual or homosexual (People v Hale, 8 NY2d 162 [I960]).
There can be no clearer expression of this legislative intent than section 230.10, enacted at the same time as section 230.00, which provides in pertinent part that:
“[i]n any prosecution for prostitution or patronizing a prostitute, the sex of the two parties or prospective parties to the sexual conduct engaged in, contemplated or solicited is immaterial, and it is no defense that * * *
“[s]uch persons were of the same sex”.
It is arguable that this provision, standing alone, is sufficient to defeat this challenge to the facial sufficiency of the information.
*620 In addition, a comparison of section 887 (4) (c) of the Code of Criminal Procedure, the predecessor statute to Penal Law § 230.00, and the present section 230.00 reveals the legislative intent to reach the commercialization of all sex acts without regard to their nature or the sex of the actors. Section 887, which prohibited vagrancy, defined a vagrant in subdivision (4) (c) as a person who loiters in or near a thoroughfare or public or private place for the purpose of inducing another to commit “lewdness, fornication, unlawful sexual intercourse or any other indecent act”. A homosexual proposal was considered an act of lewdness and an indecent act (People v Hale, 8 NY2d 162 [1960], supra).
In Penal Law article 230, the Legislature eliminated these distinct categories of sexual activities and substituted the term “sexual conduct”. By abandoning categories of prohibited conduct, the Legislature opted for an elastic concept which encompassed traditional forms of prostitution but could also adapt to new methods of selling the arousal of sexual desire (see, for example, People v Hinzmann, 177 Misc 2d 531 [Crim Ct, Bronx County 1998], where the court determined that the combination of “lap dancing” and the touching of naked breasts and buttocks was within the scope of “sexual conduct”; and People v Tribble, NYLJ, Sept. 29, 1992, at 22, col 3, where the court determined that rubbing an exposed penis against buttocks constituted sexual conduct within the meaning of article 230, but touching breasts or buttocks did not).
In the absence of a statutory definition of “sexual conduct”, on a postverdict motion which challenged section 230.00 as unconstitutionally overbroad and vague, the Supreme Court in People v Costello (90 Misc 2d 431, 433 [Sup Ct, NY County 1977], supra) defined the term based on a “common understanding of the term ‘prostitution’ ”. The court formulated a three-pronged definition which included “sexual intercourse, deviate sexual intercourse and masturbation” and concluded that these activities were a proper subject for State regulation when performed for a fee. (Supra.)
The three-pronged definition of “sexual conduct” offered in Costello (supra) in 1977 has persisted in case law. Some courts have adopted it in its entirety (see, People v Tribble, supra; People v Fink, NYLJ, May 22, 1992, at 23, col 4), while other courts have expanded the definition to accommodate new forms of sexual gratification (see, for example, People v Hinzmann, supra, at 533-534). However, inasmuch as the Costello court derived its definition of “sexual conduct” not from the statute *621 but from “common understanding” which is subject to change, this court is not persuaded that it should accept the categories of sexual activity offered there.
The adjective “deviate” means departing significantly from behavioral norms (Webster’s Third New International Dictionary 618 [1993 ed]). Accordingly, the classifications “sexual intercourse” and “deviate sexual intercourse” reflect the view that heterosexual activity is normal while homosexual activity is not. While such a notion might have been commonly accepted in 1977 when Costello (supra) was decided, it is now less firmly rooted in public understanding. Indeed, it is noteworthy in this regard that in 1980 the American Psychiatric Association removed homosexuality from the Diagnostic and Statistical Manual of Mental Disorders.
Moreover, while for some purposes the term “sexual intercourse” has been applied solely to heterosexual activity, for other purposes it has been interpreted broadly to encompass both homosexual and heterosexual activity. For example, prior to 1986, 18 USC § 2423, which prohibited the transportation of a minor in interstate or foreign commerce with intent that such person engage in prostitution or prohibited sexual conduct, defined “sexual intercourse” as “genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex” (18 USC § 2423 [b] [2] [A];[2] see also, for example, definition of “sexual activity” in NJ Stat Annot § 2C:34-1 [a] [2], and definition of “sexual penetration” in 720 111 Comp Stat 5/12-12 [f|).
In addition, “sexual intercourse” has two dictionary definitions, heterosexual intercourse or coitus, and intercourse involving genital contact between individuals (Webster’s Third New International Dictionary 2082 [1993 ed]; see also, Matter of Marco M., 158 AD2d 342, 343 [1st Dept 1990], where the Appellate Division found that testimony to the effect that the male defendant said “ ‘no problem’ ” in response to a male police officer’s request “ ‘to get laid, but [not] shortchanged’ ”, proved beyond a reasonable doubt that the defendant agreed to engage in sexual conduct for a fee. Since “get laid” is a synonym for “copulate” or “engage in sexual intercourse”, implicit in the Court’s ruling is the conclusion that a male can engage in “sexual intercourse” with another male).
*622 Considering the background and purpose of article 230, its gender-neutral language and the meaning of the terms “sexual conduct” and “sexual intercourse”, it is this court’s view that the allegation in the information that the defendant agreed to engage in “sexual intercourse” with the undercover officer adequately pleads that he agreed to perform a sex act with another person. Accordingly, the factual allegations satisfy the “prima facie case” requirement. Therefore, the motion to dismiss is denied.

. People v Dendler (244 AD2d 778 [3d Dept 1997]) and People v Kinnard (98 AD2d 845, affd 62 NY2d 910 [1984]), cited by the defendant as support for his position, were decided under article 130 of the Penal Law.

. When this provision was amended in 1986 by Public Laws 99-628, 100 United States Statutes 3510, subdivision (b) was eliminated and the language “prohibited sexual conduct” was changed to “any sexual activity for which any person can be charged with a criminal offense”.