10-599-ag
Prus v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: September 13, 2011     Decided: September 28, 2011)

Docket No. 10-599-ag

OKSANA NIKOLAYEVNA PRUS,

*Petitioner*,

–v.–

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

Before:
         CALABRESI, WESLEY, and LYNCH, *Circuit Judges*.

Petition for review of a Board of Immigration Appeals order, which declined to reconsider its previous decision that Petitioner had been convicted of an aggravated felony. The order dismissed Petitioner's appeal from an Immigration Judge's order of removal, which denied Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. We hold that the Petitioner's New York state offense of promoting prostitution in the third degree did not constitute an aggravated felony, and thus, Petitioner is not removable.

Petition **GRANTED**.

ANNE E. DOEBLER, Buffalo, NY, *for Petitioner*.

JEFFREY BERNSTEIN, Attorney, U.S. Department of Justice, Civil Division (Tony West, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), for Eric H. Holder, Jr., United States Attorney General, Washington, D.C., *for Respondent*.

PER CURIAM:

Petitioner Oksana Nikolayevna Prus was convicted in New York for promoting prostitution in the third degree. The Board of Immigration Appeals ("BIA") found her removable, concluding that her offense constituted an aggravated felony under the Immigration and Nationality Act ("INA") § 101(a)(43)(K)(i), 8 U.S.C. § 1101(a)(43)(K)(i). Prus seeks review of the BIA's order declining to reconsider whether she had been convicted of an aggravated felony and dismissing her appeal from an order of removal. Prus argues that her offense does not constitute an aggravated felony because New York law defines "prostitution" more broadly than federal law does for the INA. We agree and hold that the BIA erred in finding that Prus's offense was an aggravated felony. Accordingly, we grant the petition for review. We vacate the order of removal and remand to the BIA to terminate Prus's removal proceedings.

**Background**

Prus, a native of Ukraine, entered the United States in May 1995 as a derivative refugee. In June 1996, she adjusted her status from refugee to lawful permanent resident. In June 2007, she was convicted of promoting prostitution in the third degree, in violation of New York Penal Law §§ 20.00 and 230.25. In November 2007, Prus was served with a Notice to Appear charging her as removable under INA § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony under INA § 101(a)(43)(K)(i).

In her removal proceedings, Prus admitted her conviction but contested removability. She argued that the New York conviction for promoting prostitution was not an aggravated felony under INA § 101(a)(43)(K)(i). The Immigration Judge ("IJ") agreed. The IJ held that Prus's conviction did not constitute an aggravated felony because New York's definition of prostitution is broader than the the INA's applicable definition, which includes only sexual intercourse for hire. The IJ, therefore, terminated Prus's removal proceedings.

The government appealed, and in a June 23, 2009 order, the BIA vacated the IJ's decision. *In re Oksana Nikolayevna*

3

*Prus*, No. A071 310 449 (B.I.A. June 23, 2009), *vacating* No. A071 310 449 (Immig. Ct. Buffalo, NY Jan. 3, 2008). The BIA found that Prus's conviction constituted an aggravated felony. *Id.* The BIA noted that even though New York's definition of prostitution encompassed acts that would not constitute prostitution under the federal law, Prus's offense "'relat[ed] to' the owning, controlling, managing or supervising of a 'prostitution business' as described in the [INA]." *Id.*

On remand, Prus filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied Prus's application for relief and ordered her removed to Ukraine. The IJ found that Prus was ineligible for asylum because she had been convicted of an aggravated felony and that she did not meet her burden of proof to establish eligibility for withholding of removal or CAT relief.

On January 22, 2010, the BIA dismissed Prus's appeal, declining to reconsider its previous holding that Prus had been convicted of an aggravated felony. *In re Oksana Nikolayevna Prus*, No. A071 310 449 (B.I.A. Jan. 22, 2010), *aff'g* No. A071 310 449 (Immig. Ct. Buffalo, NY Sept. 28,

4

2009). The BIA also agreed with the IJ that Prus was ineligible for asylum and that she did not establish her eligibility for withholding of removal or relief under the CAT. *Id.* Prus now petitions this Court to review the BIA's decision.

## Discussion

Prus challenges the BIA's finding that her New York conviction for promoting prostitution in the third degree constitutes an aggravated felony under INA § 101(a)(43)(K)(i).[1] Federal courts lack jurisdiction to consider a petition for review filed by an alien who is removable due to commission of an aggravated felony, but we retain jurisdiction to review whether an alien has, as a matter of law, committed such an aggravated felony. *Kamagate v. Ashcroft*, 385 F.3d 144, 149 (2d Cir. 2004).

We review the BIA's determination that a state conviction constitutes an aggravated felony *de novo*, *Richards v. Ashcroft*, 400 F.3d 125, 127 (2d Cir. 2005), and employ the categorical approach to determine whether the crime for which Prus was convicted constitutes an aggravated

---

[1] INA § 101(a)(43)(K)(i) provides that an aggravated felony includes an offense that "relates to the owning, controlling, managing or supervising of a prostitution business."

5

felony.[2] "Under this approach, the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Blake v. Gonzales*, 481 F.3d 152, 156 (2d Cir. 2007) (internal quotation marks and alteration omitted). "If the criminal statute punishes conduct that falls outside the INA's definition, then the crime does not constitute an aggravated felony." *Richards*, 400 F.3d at 128.

Congress did not define "prostitution" in the INA. The Attorney General, however, has—for a different provision of the INA—defined the term as "engaging in promiscuous sexual intercourse for hire." 22 C.F.R. § 40.24(b). In *Matter of Gonzales-Zoquiapan*, 24 I&N Dec. 549, 553 (BIA 2008), the BIA employed that definition to interpret INA § 212(a)(2)(D), which relates to the inadmissibility of aliens entering the United States to engage in prostitution. Because the term

---

[2] We reserve opinion on whether the state statute under which Prus was convicted—New York Penal Law § 230.25(1)—is a divisible or non-divisible statute, and, in turn, whether it requires analysis under the categorical or modified categorical approach. *See Lanferman v. Bd. of Immigration Appeals*, 576 F.3d 84, 88–89 (2d Cir. 2009) (per curiam). Because Prus's record of conviction contains no facts beyond recitations of § 230.25(1) in full, the outcome of our analysis would be the same whichever of the two approaches we applied.

prostitution is undefined in the INA, the BIA's reasonable view of the definition of the term in *Matter of Gonzales-Zoquiapan* is entitled to *Chevron* deference. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 129 (2d Cir. 2010). And because it is "the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning," the same definition of prostitution should be used to interpret INA § 101(a)(43)(K)(i). *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995)). Thus we conclude that "prostitution" in INA § 101(a)(43)(K)(i) refers to "promiscuous sexual intercourse for hire."

Under New York law, a person is guilty of promoting prostitution in the third degree when she knowingly "[a]dvances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes." N.Y. Penal Law § 230.25(1). In New York, "[a] person is guilty of prostitution when such person engages or agrees or offers to

7

engage in sexual conduct with another person in return for a fee." *Id.* § 230.00.

Although "sexual conduct" is not defined in Article 230, the plain language of the statute makes clear that prostitution in New York encompasses accepting payment for sexual acts beyond the "sexual intercourse" that is the exclusive subject of the immigration-law definition. "Conduct" is an extremely broad term, defined as "the way a person acts," *The American Heritage College Dictionary* 290 (3d ed. 2000); a legislature could not plausibly be understood to have used such a broad term if it meant to refer only to the specific act of sexual intercourse.

The New York courts have indeed so interpreted the statute. While New York courts have differed in how they have defined the term, and in where they have looked for aid in interpreting it, they have consistently held, over a nearly 40-year period, that the term encompasses acts other than intercourse. For example, in *People v. Block*, 337 N.Y.S.2d 153, 156-58 (Cnty. Ct. 1972), the court looked to the definitions of "sexual conduct" in New York Penal Law Articles 235 and 245 (respectively defining the crimes of obscenity and public lewdness) and held that "sexual

8

conduct" for purposes of the definition of prostitution included physical conduct with a "person's clothed or unclothed genitals" or "pubic area."[3]  Rejecting the *Block* court's reliance on definitions from other articles of the criminal code, the court in *People v. Costello*, 395 N.Y.S.2d 139, 141 (Sup. Ct. 1977), reasoned that Article 230 "prohibit[ed] the commercial exploitation of sexual gratification," and relied on a "common understanding of the term 'prostitution'" to include "sexual intercourse, deviate sexual intercourse, and masturbation" within the definition.[4]  More recently, the term has been held to encompass acts such as lap dancing in which the dancer's naked body is touched.  *People v. Hinzmann*, 677 N.Y.S.2d 440, 442 (Crim. Ct. 1998).  Yet another court expressed the consensus of these cases that in using the term "sexual conduct," "the legislature opted for an elastic concept which encompassed traditional forms of prostitution but

---

[3] In addition to these definitions, a slightly different, but also expansive, definition of "sexual conduct" appears in New York Penal Law Article 130, which defines the term for purposes of the crimes of sexual assault and abuse.

[4] *See also People v. Tribble*, N.Y.L.J., Sept. 29, 1992, at 22, col. 3 (Crim. Ct.); *People v. Fink*, N.Y.L.J., May 22, 1992, at 23, col. 4 (Crim. Ct.); *People v. Kovner*, 409 N.Y.S.2d 349, 416 n.* (Sup. Ct. 1978).

could also adapt to new methods of selling the arousal of sexual desire." *People v. Medina*, 685 N.Y.S.2d 599, 601 (Crim. Ct. 1999). We have identified no New York case that limits the meaning of "prostitution" under New York law to the selling of "sexual intercourse," as it is defined for purposes of federal immigration law.

In sum, whatever uncertainty may exist about the precise contours of the New York definition of "prostitution," it is evident that the law encompasses a broader range of sexual activity than the "sexual intercourse" that is the sole subject of the definition applicable in the immigration context. Indeed, it is so evident that the BIA acknowledged that "the Immigration Judge was *correct* in noting that the term 'prostitution' under New York law encompassed acts that fall outside the federal definition of that term." *In re Oksana Nikolayevna Prus*, No. A071 310 449 (B.I.A. June 23, 2009) (emphasis added).

Nevertheless, the BIA found that Prus's conviction constituted an aggravated felony under INA § 101(a)(43)(K)(i) because the state statute includes conduct that "'relates to the owning, controlling, managing

10

or supervising of a prostitution business.'" *Id*. (quoting INA § 101(a)(43)(K)(i)). The BIA premised its decision on the similarity of the language of the state and federal statutes, finding that "the New York statute similarly requires that the perpetrator of the crime be 'managing, supervising, controlling, or owning' the house of prostitution." *Id*. This was error.

The plain language of INA § 101(a)(43)(K)(i) limits the statute's reach to crimes associated with prostitution, not crimes associated with other proscribed conduct. *See Mizrahi v. Gonzales*, 492 F.3d 156, 158–59 (2d Cir. 2007). Thus, while the term "relates to" indicates that a broad array of crimes are encompassed in § 101(a)(43)(K)(i)'s ambit, the provision only encompasses crimes involving conduct meeting the relevant definition of prostitution—not something merely like prostitution. We have previously explained that "the phrase 'relating to' is deemed synonymous to 'in connection with,' 'associated with,' 'with respect to,' and 'with reference to.'" *Kamagate*, 385 F.3d at 154. In *Kamagate*, we concluded that possession of a forged instrument with the intent to deceive, defraud, or injure was a crime "relating to counterfeiting" because the

criminalization of possession discouraged the underlying crime of counterfeiting. *Id*. at 155. Contrary to the BIA's interpretation, the term "relates to" in § 101(a)(43)(K)(i) does not bring within the provision's sweep the management of conduct that is like, but is *not*, prostitution. The phrase "relates to" modifies "owning, controlling, managing or supervising"; it does not modify the definition of the underlying crime.[5]

Accordingly, because N.Y. Penal Law § 230.25(1) punishes conduct that does not involve a "prostitution business" as the term prostitution is used in the INA, Prus's conviction does not constitute an aggravated felony. *See Richards*, 400 F.3d at 128. Thus, the BIA erred in finding Prus removable. Because Prus is not removable, we need not address her challenge to the agency's denial of her application for asylum, withholding of removal, and CAT relief.

---

[5] While this is a case of first impression in this Circuit, the Ninth Circuit addressed the exact issue here in *Depasquale v. Gonzales*, 196 F. App'x 580 (9th Cir. 2006). The Ninth Circuit held that a conviction under a Hawaii statute for promoting prostitution in the second degree did not constitute an aggravated felony under INA § 101(a)(43)(K) because, notwithstanding the "relates to" language in that provision, "the definition of 'prostitution' in Hawaii's statutes encompasses conduct broader than any federal definition of prostitution." *Depasquale*, 196 F. App'x at 581–82.

## Conclusion

For the foregoing reasons, the petition for review is **GRANTED**.  The order of removal is **VACATED**, and the case is **REMANDED** to the BIA with directions to terminate Petitioner's removal proceedings.  The pending motion for a stay of removal in this petition is **DISMISSED** as moot.