Yong Im DEPASQUALE, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–72103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Filed Aug. 4, 2006.

Scott T. Strack, Esq., Attorney at Law, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

### MEMORANDUM *

Yong Im Depasquale petitions for review of her order of removal, arguing that her conviction under Haw.Rev.Stat. § 712–1203 for promoting prostitution in the second degree does not constitute an aggravated felony within the meaning of INA § 101(a)(43)(K), 8 U.S.C. § 1101(a)(43)(K). We agree with Petitioner that, under the categorical approach, the Hawaii statute under which she was convicted defines prostitution more broadly than federal law. We therefore exercise jurisdiction over Depasquale's petition for review and grant it, in part. Because the facts are known to the parties, we do not recite them in detail.

### I.

■ We have jurisdiction to determine whether we have jurisdiction to consider Depasquale's petition for review. *Naka-*

---

*moto v. Ashcroft*, 363 F.3d 874, 878 n. 4 (9th Cir.2004). We review this question de novo, *Albillo–Figueroa v. INS*, 221 F.3d 1070, 1072 (9th Cir.2000), and apply a categorical approach in making this determination. *Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir.2002).

■ While the government is correct that the term "relates to" in INA § 101(a)(43)(K) has a broad, common-sense meaning, *Albillo–Figueroa*, 221 F.3d at 1073–74, the government neglects to recognize that the definition of "prostitution" in Hawaii's statutes encompasses conduct broader than any federal definition of prostitution. Conduct that is "prostitution" in Hawaii is not necessarily "prostitution" within the meaning of the INA. *Kepilino v. Gonzales*, 454 F.3d 1057, 1060–62 (9th Cir.2006).

The federal definition of prostitution is "engaging in promiscuous sexual intercourse for hire." 22 C.F.R. § 40.24(b). By contrast, Hawaii's definition of prostitution includes a broad range of conduct, including but not limited to sexual intercourse. Depasquale's case is controlled by the Hawaii Supreme Court's interpretation of Haw.Rev.Stat. § 712–1203 in *State v. Richie*, 88 Hawai'i 19, 960 P.2d 1227, 1241 (1998). The state supreme court affirmed defendant's conviction under Haw.Rev. Stat. § 712–1203 where defendant had arranged performances for undercover police officers during which there was "repeated contact with breasts, contact with genitalia, and simulation of sexual intercourse," some through clothing. Relying on Haw. Rev.Stat. § 712–1200, the Supreme Court of Hawaii explained that "prostitution" is engaging in "sexual conduct" with another person for a fee. *Id.* at 1238. "Sexual conduct" is defined to include "sexual in-

tercourse" as well as a wide range of other activity, including other "touching" and "sexual contact" through clothing. Haw. Rev.Stat. § 707–700.

A conviction under § 712–1203 requires "managing, supervising, controlling, or owning ... a house of prostitution," and although the language of the Hawaii statute is nearly identical to the language of INA § 101(a)(43)(K), as *Richie* shows, the definition of "prostitution" in the context of § 712–1203 encompasses a greater range of conduct than 22 C.F.R. § 40.24(b)'s definition of the same term. Under the Hawaii statute, prostitution may include activity that is not necessarily sexual intercourse.

Thus, the "full range of conduct" covered by § 712–1203 does not categorically fall within the meaning of aggravated felony as defined in § 101(a)(43)(K).[1] Therefore, we may exercise jurisdiction over Depasquale's petition for review.

## II.

We reject Petitioner's argument that the BIA failed to undertake an independent review of the record in affirming the IJ's decision. *Nakamoto*, 363 F.3d at 882 n. 5; *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).

■ We grant Depasquale's petition for review as to whether the IJ should have continued the proceedings until she could file and have adjudicated an I–130 petition. Because Depasquale asked for a stay, the IJ's decision not to continue proceedings undermines the full and fair nature of her hearing. *See Ngongo v. Ashcroft*, 397 F.3d 821 (9th Cir.2005) (denying petition for review because petitioner did

---

1. Because Depasquale's conviction documents parrot the language of the statute under which she was convicted, providing no

specifics as to her underlying conduct, the modified categorical approach is not helpful.

not ask for a stay); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). In addition, because the IJ was incorrect in finding that Depasquale's conviction under Haw. Rev.Stat. § 712–1203 constituted an aggravated felony, Petitioner is eligible to seek a waiver of inadmissibility, rendering the IJ's failure to grant a continuance prejudicial.

We therefore grant Depasquale's petition for review and remand to the BIA for additional proceedings consistent with this decision.

PETITION GRANTED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gilbert S. Merritt, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the