**Salvador ARCOS–VALENCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72697.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 6, 2007.

Salvador Arcos–Valencia, Orange, CA, for Petitioner.

CAC–District Counsel, Esq., Office Of The District Counsel Department Of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office Of The District Counsel Department Of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Salvador Arcos–Valencia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") removal order and denying his motion to remand to allow him to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. *See Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006). We review questions of law de novo. *Id.* at 1215. We grant the petition for review, and remand.

The IJ denied Arcos–Valencia's applications for a V visa, cancellation of removal, and voluntary departure, on the ground that Arcos–Valencia's convictions barred him from establishing good moral character. Arcos–Valencia appealed the IJ's decision to the BIA, and also moved to remand based on his new eligibility for adjustment of status. The BIA adopted and affirmed the IJ decision and denied remand on the ground that Arcos–Valencia was ineligible for adjustment of status under 8 U.S.C. § 1182(a)(2)(D) (rendering aliens inadmissible for certain acts of prostitution and commercialized vice).

We remand to the BIA for reconsideration in light of our intervening decision in *Kepilino v. Gonzales,* 454 F.3d 1057, 1061–62 (9th Cir.2006) (conviction under state prostitution statute penalizing conduct other than sexual intercourse did not render alien inadmissible under 8 U.S.C. § 1182(a)(2)(D)); *see also People v. Freeman,* 46 Cal.3d 419, 250 Cal.Rptr. 598, 758 P.2d 1128, 1130 (1988) (lewd or dissolute act, as described in CPC § 647, refers to any sexually motivated conduct involving the touching of genitals, buttocks, or breast).

In light of our disposition, we need not reach Arcos–Valencia's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

