**MYUNG HEE YANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71354.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 27, 2008.

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Vanessa O. Lefort, Oil, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Myung Hee Yang, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision that she was inadmissible under 8 U.S.C. § 1182(a)(2)(D)(i). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and we grant the petition for review.

For determining inadmissibility under 8 U.S.C. § 1182(a)(2)(D)(i), prostitution is defined as "engaging in promiscuous sexual intercourse for hire." 22 C.F.R. § 40.24(b); *see also Kepilino v. Gonzales,* 454 F.3d 1057, 1061 (9th Cir.2006). The BIA therefore erred in concluding that Yang "engaged in prostitution" where the evidence relied upon by the BIA did not establish that Yang performed sexual intercourse for hire. *See Kepilino,* 454 F.3d at 1061–62 (violation of state prostitution statute penalizing conduct other than sexual intercourse did not render alien inadmissible under 8 U.S.C. § 1182(a)(2)(D)).

We remand to the BIA for reconsideration in light of *Kepilino.* As a result of our disposition, we need not reach Yang's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.