Jose **REYES–FLORIANO,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

**Jose Reyes–Floriano, Petitioner,**

**v.**

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–73268, 04–75113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 11, 2008.

Martin Avila Robles, Christopher Stender, Immigration Practice Group a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Regan Hildebrand, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Jose Reyes–Floriano petitions for review of the Board of Immigration Appeals' ("Board") decision affirming without opinion the Immigration Judge's ("IJ") order finding that he is deportable under what is now § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227, and that he is statutorily inadmissible pursuant to § 245(i) of the Act because of his conviction under California Vehicle Code section 23152(a) for driving under-the-influence of drugs. The IJ determined that this conviction is one that "relates to" a controlled substance. *See* INA § 237(a)(2)(B)(i), codified at 8 U.S.C. § 1227(a)(2)(B)(i). We have jurisdiction to review the BIA's decision.[1]

Where, as here, the BIA's interpretation of law is contained in an unpublished decision of a single Board member that does not bind third parties, we owe that interpretation only *Skidmore* deference. That is, we defer to the Board's interpretation only to the extent that it contains indicia of persuasiveness. *See Ortega–Cervantes v. Gonzales,* 501 F.3d 1111, 1113 (9th Cir. 2007); *see also Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) (the deference owed to an agency's interpretation "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."). We grant the petition in 04–73268 and remand for further proceedings.[2]

Reyes–Floriano's conviction under section 23152(a) does not categorically constitute a crime "relating to a controlled substance" as defined in section 802 of Title 21 [Section 102 of the Controlled Substances Act ("CSA")]. *See* INA § 212(a)(2)(A)(i)(II), codified at 8 U.S.C. § 1182(a)(2)(A)(i)(II). The statute of conviction does not identify any particular controlled substance. It therefore could involve any one of the "numerous substances" that California regulates but "that are not similarly regulated by the CSA." *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007).

Nor does the limited analysis of the record permitted under the modified cate-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Our jurisdiction in this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA") because immigration proceedings were initiated by the INS before IIRIRA's general effective

date of April 1, 1997, and the final deportation or exclusion order was filed after October 30, 1996. *See* IIRIRA § 309(c); *Magana–Pizano v. INS,* 200 F.3d 603, 607 (9th Cir.1999).

2. Reyes–Floriano also petitions for review of the Board's decision denying his motion to reconsider. Because of our disposition in No. 04–73268, however, we dismiss Reyes Floriano's petition in 04–75113 as moot.

gorical approach, *id.* at 1078, establish that Reyes–Floriano has been convicted of a crime related to a controlled substance. Although the complaint charged Reyes–Floriano with being "under the influence of a controlled substance, to wit: OPIATES/METHAMPHETAMINE," that count was dismissed and he pleaded guilty to a different count in the complaint, i.e., driving "while under the influence of drugs." Because Reyes–Floriano "pleaded ... to an offense different from the one charged" we cannot "connect the references to [methamphetamine] in the charging document with the conviction" and are "left only to speculate as to the nature of the substance" involved. *See id.* at 1079. Such speculation is insufficient to prove that "the particular substance" underlying Reyes–Floriano's conviction "is a controlled substance as defined in section 102 of the Controlled Substances Act." *See id.* Accordingly, Reyes–Floriano is not deportable under INA § 237(a)(2)(B)(i) for having been convicted of an offense relating to a controlled substance.

On this same analysis, Reyes–Floriano's conviction under section 23152(a) does not make him statutorily ineligible for adjustment of status under INA § 212(a)(2)(A)(i)(II), codified at 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Kepilino v. Gonzales,* 454 F.3d 1057, 1060–62 (9th Cir. 2006) (under a modified categorical approach, conviction under state prostitution statute penalizing conduct other than sexual intercourse did not render alien inadmissible under 8 U.S.C. § 1182(a)(2)(D)).

We grant the petition in 04–73268, reverse, and remand the matter to the Board to consider whether Reyes–Floriano has satisfied the eligibility requirements for adjustment of status, and for any other relief to which he may be entitled. The petition in 04–75113 is dismissed as moot.

PETITION IN 04–73268 GRANTED; REMANDED.

PETITION IN 04–75113 DISMISSED AS MOOT.