
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| HOO YUN LEE, AKA Yong Bun Kim, AKA Yong Bun Lee, | ) ) ) | No. 11-72424 |
| Petitioner, | ) ) | Agency No. A097-547-342 |
| v. | ) ) ) | **MEMORANDUM**[*] |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) ) ) | |
| Respondent. | ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2013[**]
Seattle, Washington

Before:    FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Yong Bun Lee petitions for review of the Board of Immigration Appeals'

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

denial of her applications for adjustment of status[1] and waiver of inadmissibility.[2] We deny the petition in part, and dismiss for lack of jurisdiction in part.

(1) The BIA determined that without a waiver of inadmissibility, Lee was not eligible for adjustment of status because she had committed a crime involving moral turpitude, which rendered her inadmissible. See 8 U.S.C. § 1255(a)(2); 8 U.S.C. § 1182(a)(2)(A)(i)(I). She claims the BIA erred in so doing. We disagree. She had pled guilty to and was sentenced for visa fraud;[3] she had knowingly used a false and fraudulent R-1 visa in order to obtain a social security number card from the United States government. While that offense is not a crime involving moral turpitude as a categorical matter,[4] when the modified categorical approach is applied,[5] it is apparent that her particular crime was a crime involving moral turpitude.[6] She, therefore, was not eligible for adjustment of status, absent a

---

[1] 8 U.S.C. § 1255.

[2] 8 U.S.C. § 1182(h).

[3] See 18 U.S.C. § 1546(a).

[4] See Matter of Serna, 20 I. & N. Dec. 579, 585 (BIA 1992).

[5] See Tall v. Mukasey, 517 F.3d 1115, 1119 (9th Cir. 2008); Kepilino v. Gonzales, 454 F.3d 1057, 1062 (9th Cir. 2006).

[6] See Latu v. Mukasey, 547 F.3d 1070, 1074 (9th Cir. 2008); Blanco v. Mukasey, 518 F.3d 714, 719 (9th Cir. 2008); Bisaillon v. Hogan, 257 F.2d 435,

(continued...)

2

waiver.

(2) The BIA also determined that Lee was not eligible for a waiver of inadmissibility because the evidence did not show that her son would suffer extreme hardship,[7] were she removed. The BIA's determination of lack of "extreme hardship" is a discretionary decision that we lack jurisdiction to review. See Mendoza v. Holder, 623 F.3d 1299, 1301–02 (9th Cir. 2010); Reyes-Melendez v. INS, 342 F.3d 1001, 1006 (9th Cir. 2003); Hassan v. INS, 927 F.2d 465, 467–68 (9th Cir. 1991); see also Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir. 2009); Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005); Romero-Torres v. Ashcroft, 327 F.3d 887, 891 (9th Cir. 2003).[8]

(3) Finally, Lee asserts that her due process rights were violated because translation errors prejudiced her,[9] and because hearsay from the case agent

---

[6](...continued)
437–38 (9th Cir. 1958).

[7]See 8 U.S.C. § 1182(h)(1)(B).

[8]Lee spills a great deal of ink on her assertion that the BIA's alternative basis for denial of relief as a matter of discretion was based on improper credibility determinations. Assuming that we have jurisdiction over that issue, we need not reach it because even were Lee to prevail, it would not affect the BIA's finding that Lee's son will not suffer "extreme hardship" as a result of her departure.

[9]See He v. Ashcroft, 328 F.3d 593, 598 (9th Cir. 2003); Gutierrez-Chavez v. INS, 298 F.3d 824, 830 (9th Cir. 2002); Perez-Lastor v. INS, 208 F.3d 773, 778

(continued...)

3

regarding the fraud that she and Jung Kim perpetrated was admitted.[10]  Our careful review of the record makes it apparent that the BIA did not err when it determined that Lee had not shown that there were serious deficiencies in the translation.[11]  Also, hearsay is generally admissible in immigration proceedings,[12] and we note that the case agent did testify and was available for cross examination.  There was no violation of Lee's due process rights.

Petition DENIED in part and DISMISSED for lack of jurisdiction in part.

---

[9](...continued)
(9th Cir. 2000); see also Larita-Martinez v. INS, 220 F.3d 1092, 1095 (9th Cir. 2000).

[10]See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 681 (9th Cir. 2005).

[11]See Kotasz v. INS, 31 F.3d 847, 850 n.2 (9th Cir. 1994); Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir. 1993).

[12]See Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823–24 (9th Cir. 2003); Espinoza v. INS, 45 F.3d 308, 311 (9th Cir. 1995); Gu v. Gonzales, 454 F.3d 1014, 1021 (9th Cir. 2006).