# Matter of Shuying DING, Respondent

*Decided May 21, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The term "prostitution" in section 101(a)(43)(K)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(K)(i) (2012), which provides that an offense relating to the owning, controlling, managing, or supervising of a prostitution business is an aggravated felony, is not limited to offenses involving sexual intercourse but is defined as engaging in, or agreeing or offering to engage in, sexual conduct for anything of value.

(2)  The offense of keeping a place of prostitution in violation of section 944.34(1) of the Wisconsin Statutes is categorically an aggravated felony under section 101(a)(43)(K)(i) of the Act.

FOR RESPONDENT:  Thomas Guilde Halloran, Esquire, Oconomowoc, Wisconsin

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Erin O. Keeley, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY and WENDTLAND, Board Members.  Dissenting Opinion:  COLE, Board Member.

PAULEY, Board Member:

In a decision dated July 27, 2017, an Immigration Judge terminated these removal proceedings, finding that the respondent is not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony under section 101(a)(43)(K)(i) of the Act, 8 U.S.C. § 1101(a)(K)(i) (2012).[1] The Department of Homeland Security ("DHS") has appealed from that decision.  The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded for further proceedings.

The respondent is a native and citizen of the People's Republic of China, who became a lawful permanent resident of the United States on December 6, 2010.  She was convicted in 2017 of violating section 944.34(1) of the Wisconsin Statutes, which provides that "[w]hoever intentionally . . . [k]eeps

---

[1]  Section 101(a)(43)(K)(i) of the Act provides that "an offense that . . . relates to the owning, controlling, managing, or supervising of a prostitution business" is an aggravated felony.

a place of prostitution" is guilty of a felony. Wisconsin law defines a place of prostitution in section 939.22(24) as "any place where a person habitually engages, in public or in private, in nonmarital acts of sexual intercourse, sexual gratification involving the sex organ of one person and the mouth or anus of another, masturbation or sexual contact for anything of value."

In determining that the respondent's offense is not an aggravated felony, the Immigration Judge relied on a decision in which we stated that for purposes of section 212(a)(2)(D)(ii) of the Act, 8 U.S.C. § 1182(a)(2)(D)(ii) (2006), "[t]he term 'prostitution' means engaging in promiscuous sexual intercourse for hire." *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549, 553 (BIA 2008) (quoting 22 C.F.R. § 40.24(b) (2006)).[2] The Immigration Judge employed that definition in analyzing section 101(a)(43)(K)(i), which he found only covered statutes that limit "prostitution" to acts involving "sexual intercourse." Because the Wisconsin statute included additional sexual acts in its definition of prostitution, the Immigration Judge held that it is overbroad relative to section 101(a)(43)(K)(i), and he terminated the proceedings on that basis.

The Immigration Judge noted that his reasoning was in line with that of the United States Court of Appeals for the Second Circuit, which concluded that promoting prostitution under New York law was not an aggravated felony under section 101(a)(43)(K)(i) of the Act because the State offense "encompasses accepting payment for sexual acts beyond the 'sexual intercourse' that is the exclusive subject of the immigration-law definition." *Prus v. Holder*, 660 F.3d 144, 147 (2d Cir. 2011) (per curiam); *see also Depasquale v. Gonzales*, 196 F. App'x 580, 582 (9th Cir. 2006) (holding that the offense of promoting prostitution in violation of Hawaii law is not a section 101(a)(43)(K)(i) aggravated felony because the State's definition of prostitution "may include activity that is not necessarily sexual intercourse").

To determine whether the respondent's offense is an aggravated felony, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and its progeny. This approach requires us to compare the elements of the respondent's State statute of conviction to the Federal generic definition of an offense that relates to the owning, controlling, managing, or supervising of a prostitution business in section 101(a)(43)(K)(i) of the Act.

---

[2]  Section 212(a)(2)(D)(ii) of the Act renders an alien inadmissible if he or she, among other things, "*procures* or attempts to *procure* . . . prostitutes or persons for the purpose of prostitution." (Emphases added.) Our holding in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. at 552, that section 212(a)(2)(D)(ii) does not cover acts of soliciting prostitution on one's own behalf, was primarily based on our conclusion that Congress had used the term "procure" in this provision "in its traditional sense to refer to a person who receives money to obtain a prostitute for another person."

Based on its survey of the State statutes in effect in 1994 when section 101(a)(43)(K)(i) was enacted,[3] the DHS has pointed out that only a handful of States limited the definition of prostitution to acts involving sexual intercourse at that time.[4] Our independent survey of State law from 1994 is consistent with that of the DHS.[5] The majority of States employed a definition of prostitution that included broad terms such as performing or offering to perform sexual "acts," "activity," "conduct," or "contacts" for something of value.[6] The remaining States defined acts of prostitution with a combination of such general terms and more specific ones, including "touching," "fondling," "masturbation," and "sodomy," as well as "fornication," "penetration," and "intercourse."[7]

The Immigration Judge acknowledged the DHS's survey and agreed that a conviction for keeping a place of prostitution under most, if not all, State statutes could never serve as a predicate for removal under section 101(a)(43)(K)(i) because they are overbroad relative to the definition of

---

[3]   Section 101(a)(43)(K)(i) was added to the Act by section 222(a) of the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 108 Stat. 4305, 4320–21.

[4]   *See* Ga. Code Ann. § 16-6-9 (1994); La. Stat. Ann. § 14:82A (1994); Mont. Code Ann. § 45-5-601(1) (1994); N.C. Gen. Stat. § 14-203 (1994); Vt. Stat. Ann. tit. 13, § 2631 (1994).

[5]   Although the DHS has presented a separate survey indicating that in 2017 only three States limited prostitution to acts involving sexual intercourse, we have consistently held that "we are constrained to define offenses 'based on the "generic, contemporary meaning" of the statutory words at the time the statute was enacted.'" *Matter of Sanchez-Lopez*, 27 I&N Dec. 256, 260–61 (BIA 2018) (citations omitted).

[6]   *See* Alaska Stat. § 11.66.100(a) (1994); Ariz. Rev. Stat. Ann. § 13-3211(5) (1994); Ark. Code Ann. § 5-70-102(a) (1994); Cal. Penal Code § 647(b) (West 1994); Conn. Gen. Stat. § 53a-82 (1994); Del. Code Ann. tit. 11, § 1342 (1994); D.C. Code § 22-2701.1(1) (1994); Fla. Stat. § 796.07(a) (1994); Haw. Rev. Stat. § 712-1200(1) (1994); Idaho Code § 18-5613(1) (1994); Iowa Code § 725.1 (1994); Ky. Rev. Stat. Ann. § 529.020(1) (West 1994); Me. Stat. tit. 17, § 851(1) (1994); Mass. Gen. Laws ch. 272, § 53A (1994); Mo. Rev. Stat. § 567.010(2) (1994); Nev. Rev. Stat. § 201.295(2) (1994); N.Y. Penal Law § 230.00 (McKinney 1994); N.D. Cent. Code § 12.1-29-03 (1994); Ohio Rev. Code Ann. § 2907.25(A) (West 1994); Or. Rev. Stat. § 167.007(1) (1994); 18 Pa. Cons. Stat. § 5902(A) (1994); S.C. Code Ann. § 16-15-375(4) (1994); S.D. Codified Laws § 22-23-1 (1994); Tenn. Code Ann. § 39-13-512(5) (1994); Tex. Penal Code Ann. § 43.02(a) (West 1994); Utah Code Ann. § 76-10-1302(1) (West 1994).

[7]   *See* Colo. Rev. Stat. § 18-7-201(1) (1994); 720 Ill. Comp. Stat. § 5/11-14(a) (1994); Ind. Code § 35-45-4-2 (1994); Kan. Stat. Ann. § 21-3512(a) (1994); Md. Code Ann., Crim. Law § 16(c) (West 1994); Minn. Stat. § 609.321(9) (1994); Neb. Rev. Stat. §§ 28-801(1), 28-318(6) (1994); N.H. Rev. Stat. Ann. § 645:2(I) (1994); N.J. Stat. Ann. § 2C:34-1(a) (West 1994); N.M. Stat. Ann. § 30-9-2 (1994); Okla. Stat. tit. 21, § 1030 (1994); Va. Code Ann. §§ 18.2-346(A), 18.2-361 (1994); Wash. Rev. Code § 9A.88.030 (1994); Wis. Stat. § 944.30 (1994); Wyo. Stat. Ann. §§ 6-4-101, 6-2-301(a)(vii) (1994).

prostitution we outlined in *Matter of Gonzalez-Zoquiapan*. But the Immigration Judge found that this was the inevitable result of our definition of prostitution. Likewise, while the respondent recognizes that section 101(a)(43)(K)(i) would have very limited applicability under the Immigration Judge's reasoning, she asserts that the proper recipient of any criticism in this regard is Congress.

We disagree with the Immigration Judge and with the case law on which he relied because the term "prostitution" in section 101(a)(43)(K)(i) does not necessarily have the same meaning as it does in the inadmissibility provision at section 212(a)(2)(D). "It is not unusual for the same word to be used with different meanings in the same act, and there is no rule of statutory construction which precludes the courts from giving to the word the meaning which the Legislature intended it should have in each instance." *Atlantic Cleaners & Dyers v. United States*, 286 U.S. 427, 433 (1932); *see also Evntl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007).

Congress may have intended the term "prostitution" in section 212(a)(2)(D) of the Act to have a narrower scope than the same term in section 101(a)(43)(K)(i). Section 212(a)(2)(D) renders inadmissible aliens coming to the United States who engage in prostitution, or who procure or import prostitutes, whereas section 101(a)(43)(K)(i) applies to aliens convicted of "an offense that . . . relates to" the operation of "a prostitution business."[8] Many years have also passed since the earliest immigration laws prohibiting the importation of women for "prostitution" in 1875 and the enactment of section 101(a)(43)(K)(i) in 1994, so the term's meaning has likely changed over time to include conduct beyond sexual intercourse. *See Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. at 552.

More significantly, section 101(a)(43)(K)(i) should not be so narrowly construed as to exclude most States' statutes proscribing the operation of a prostitution business from serving as predicates for removal. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1571 (2017) (declining to construe a term in a manner that "would come close to nullifying that term's effect in the statute" and "categorically exclude the . . . laws of most States" (citation omitted)); *Torres v. Lynch*, 136 S. Ct. 1619, 1628 (2016) (stating that the categorical approach should not be applied so as to produce the "haphazard" result of preventing the Act from applying to a significant majority of State offenses (quoting *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009)); *Matter of Keeley*, 27 I&N Dec. 146, 153 n.8 (BIA 2017).

---

[8] The existence of section 212(a)(2)(D)(iii) of the Act, which renders inadmissible aliens "coming to the United States to engage in any other unlawful commercialized vice, whether or not related to prostitution," further supports our view that the term "prostitution" in section 212(a)(2)(D) has a narrower scope than the same term in section 101(a)(43)(K)(i).

There is no indication in *Prus* and *Depasquale* that the Second and Ninth Circuits were presented with evidence that their interpretation of section 101(a)(43)(K)(i) would narrowly confine the applicability of that provision to a few jurisdictions. And while the Immigration Judge had this evidence, he decided to apply the general maxim of statutory construction that identical words used in different parts of a statute are presumed to have the same meaning. We conclude that the Immigration Judge erred in this regard.

For purposes of section 101(a)(43)(K)(i) of the Act, we now hold that the term "prostitution" is not limited to offenses involving sexual intercourse but is defined as engaging in, or agreeing or offering to engage in, sexual conduct for anything of value.[9] This definition is similar to the "[a]ct of performing, or offering or agreeing to perform a sexual act for hire," as *Black's Law Dictionary* 1222 (6th ed. 1990) defined "prostitution" when section 101(a)(43)(K)(i) was enacted.

Moreover, section 101(a)(43)(K)(i) does not proscribe merely engaging in prostitution. Rather, it reaches offenses of a commercial nature that "relate[] to the owning, controlling, managing, or supervising of a prostitution business." Thus, it cannot reasonably be argued that the concept of "keeping" a place of prostitution, as required by the elements of section 944.34(1) of the Wisconsin Statutes, falls outside the scope of section 101(a)(43)(K)(i). *Cf. Familia Rosario v. Holder*, 655 F.3d 739, 748 (7th Cir. 2011) (holding that "importation into the United States of any alien for the purpose of prostitution" under section 278 of the Act, 8 U.S.C. § 1328 (2006), is not categorically an aggravated felony under section 101(a)(43)(K)(i) because "[t]he statute, by its very terms, includes conduct that might have nothing to do with ownership, control, management or supervision of a business").

Finally, we are unpersuaded by the respondent's argument that our holding may not be applied to her under the principles of retroactivity. When she committed her offense, neither the Board nor the Seventh Circuit, in whose jurisdiction this case arises, had held that her offense was not an aggravated felony. Therefore, the respondent's reliance on any belief that her offense would not render her removable was misplaced.

---

[9]   The DHS argues that we should also withdraw from *Matter of Gonzalez-Zoquiapan* to the extent that it adopted a narrower definition of the term "prostitution." However, the meaning of the term "prostitution" in section 212(a)(2)(D) is not at issue in this case. We reiterate that Congress may have intended "prostitution" to mean different things in sections 212(a)(2)(D) and 101(a)(43)(K)(i) of the Act. We therefore decline to revisit *Gonzalez-Zoquiapan* at this time. In any event, the categorical approach is inapplicable to section 212(a)(2)(D) because that provision does not require a conviction. *See Matter of Obshatko*, 27 I&N Dec. 173, 175 & n.2 (BIA 2017).

Section 101(a)(43)(K)(i) of the Act is not limited to offenses involving sexual intercourse for hire.  Rather, it encompasses offenses relating to the operation of a business that involves engaging in, or agreeing or offering to engage in, sexual conduct for anything of value.[10]  Consequently, we conclude that the respondent's conviction for keeping a place of prostitution in violation of section 944.34(1) of the Wisconsin Statutes is categorically for an aggravated felony and renders her removable under section 237(a)(2)(A)(iii) of the Act.  The Immigration Judge therefore erred when he terminated her removal proceedings.  Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded for further consideration of any relief for which the respondent may be eligible.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*DISSENTING OPINION*:  Patricia A. Cole, Board Member

I respectfully dissent.  I agree with the Immigration Judge's decision that the respondent's conviction is not for an aggravated felony under the existing Federal definition of "prostitution."  The majority has crafted a definition of prostitution for purposes of section 101(a)(43)(K)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(K)(i) (2012), as engaging in, or agreeing or offering to engage in, sexual conduct for anything of value.  The majority decision concludes that this newly crafted definition categorically covers the conduct proscribed by the Wisconsin statute at issue in this case, but it notes that the precise contours of the term "sexual conduct" will be decided in future cases.  This overly broad definition is supported by limited analysis, and it is contrary to immigration law, the law of the United States Court of Appeals for the Seventh Circuit, and the canons of statutory construction.

The majority does not provide any analytical authority for its definition other than noting that the definition is "similar" to that of *Black's Law*

---

[10]  The respondent does not argue that Wisconsin law reaches conduct beyond "prostitution" under section 101(a)(43)(K)(i), assuming, as we now hold, that that term is not limited to acts involving sexual intercourse.  We will therefore leave the precise contours of the concept of "sexual conduct" for a case in which an alien argues that his or her offense does not fall within that phrase.

*Dictionary* and providing, without any analysis, a survey of the definitions of "prostitution" from the 50 States and the District of Columbia in 1994. Additionally, the majority does not even discuss the ramifications of its new definition of prostitution for section 101(a)(43)(K)(ii) of the Act, which references the provisions of 18 U.S.C. §§ 2421, 2422, and 2423 (2012), which relate to engaging in "prostitution, or in any sexual activity."

As the majority acknowledges, the question whether the respondent's crime constitutes an aggravated felony is governed by the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and its progeny. Under this approach, we compare the scope of conduct punished under section 944.34(1) of the Wisconsin Statutes, which proscribes keeping a place of prostitution, to the generic definition of an offense that relates to the owning, controlling, managing, or supervising of a prostitution business in section 101(a)(43)(K)(i) of the Act. Only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.

The Immigration Judge relied on our decision in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549 (BIA 2008), where we adopted the definition of prostitution contained in the Department of State regulation at 22 C.F.R § 40.24(b) (2006), which limited prostitution to acts involving "sexual intercourse." The majority finds that the distinction between a ground of inadmissibility and the aggravated felony ground of removability supports its conclusion that a different definition of prostitution is warranted in this case. However, this distinction is an insufficient basis to create a different definition of prostitution under section 101(a)(43)(K)(i) of the Act.

Moreover, unlike the majority, I conclude that the Immigration Judge properly applied the canon of statutory interpretation that is employed in the Seventh Circuit, namely, the presumption that identical words used in different parts of the same statute should carry the same meaning. *See White v. Scibana*, 390 F.3d 997, 1002 (7th Cir. 2004) (applying "the general rule of statutory construction that identical words used in different parts of the same statute are presumed to have the same meaning"). This rule of statutory construction is also supported by a decision of the Second Circuit, which held that a New York conviction for promoting prostitution was not for an aggravated felony under section 101(a)(43)(K)(i) of the Act because the State offense, which reached acts of prostitution beyond sexual intercourse, was broader than the generic definition under the Act. *Prus v. Holder*, 660 F.3d 144, 146–47 (2d Cir. 2011) (per curiam) (relying on the definition in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. at 553); *see also Kepilino v. Gonzales*, 454 F.3d 1057, 1061 (9th Cir. 2006) (relying on the State Department's definition of "prostitution" in determining the alien's inadmissibility under section 212(a)(2)(D)(i) of the Act, 8 U.S.C. § 1182(a)(2)(D) (2006)).

Furthermore, as the respondent argues on appeal, although *Black's Law Dictionary* defines prostitution more broadly than the definition we applied in *Matter of Gonzalez-Zoquiapan*, on which the Immigration Judge relied, there are other definitions of "prostitution" that support our prior definition of that term. *See Dictionary.com Unabridged*, http://www.dictionary.com /browse/prostitution (last visited May 21, 2018) (defining prostitution as "the act or practice of engaging in *sexual intercourse* for money" (emphasis added)); *The Law Dictionary*, https://thelawdictionary.org/prostitution/ (last visited May 21, 2018) (defining prostitution as "the act or practice of a woman who permits any man who will pay her price to have *sexual intercourse* with her" (emphasis added)).

Although the majority concludes that the appropriate time for assessing the state of the law in determining the meaning of the term "prostitution" in section 101(a)(43)(K) of the Act is 1994, apparently that was not the case when we decided *Matter of Gonzalez-Zoquiapan* and announced the narrow definition of prostitution for immigration purposes. I agree with the Department of Homeland Security that the only existing immigration definition of prostitution is quite limited in the aggravated felony context, but I cannot support the majority's overly broad definition for the term based on a supposition that Congress "may have intended" a different meaning in section 101(a)(43)(K). *Matter of Ding*, 27 I&N Dec. 295, 298 (BIA 2018).

Congress has expanded and limited the language relating to prostitution in the Act through the years. Specifically, former section 212(a)(12) of the Act, 8 U.S.C. § 1182(a)(12) (1988), the direct predecessor of section 212(a)(2)(D), rendered excludable "aliens who directly or indirectly procure . . . prostitutes or persons for the purpose of prostitution or for *any other immoral purpose*." (Emphasis added.) Congress eliminated the more expansive language relating to "any other immoral purpose" when it enacted section 212(a)(2)(D)(ii). *See* Immigration Act of 1990, Pub. L. No. 101-649, § 601(a), 104 Stat. 4978, 5067–68. The more limited definition of prostitution that the Immigration Judge relied on below is also supported by that 1990 amendment. I agree with the respondent that it is the Congress that should provide any new definition for "prostitution," because neither the legislative history of the term nor the aggravated felony ground in section 101(a)(43)(K)(i) supports the majority's new definition.

Finally, I would note that section 101(a)(43)(K)(i) of the Act, which designates as an aggravated felony "an offense . . . that relates to the owning, controlling, managing, or supervising of a prostitution business," is more akin to the plain language of section 212(a)(2)(D)(iii), which covers aliens "coming to the United States to engage in any other unlawful commercialized vice, whether or not related to prostitution." I believe those provisions should be interpreted similarly.